```
                                              Clerk
                                          District Court

1  JOE HILL                               SEP 15 2005
   HILL LAW OFFICES
2  P.O. Box 500917                        For The Northern Mariana Islands
   Saipan, MP 96950                       By_____
3  Tel: (670)234-6806/7743                    (Deputy Clerk)
   FAX (670) 234-7753
4
   Attorney for Plaintiffs
```

IN THE UNITED STATES DISTRICT COURT
FOR THE
NORTHERN MARIANA ISLANDS

| | |
|---|---|
| KRISSANA SANUSAT, SUMANG SETSUWAN, VACHINAPORN NGAMWONG, and RATREE DITWISET, | CIVIL CASE NO. 05-0002 |
| Plaintiffs, | AFFIDAVIT |
| versus | |
| JK & S CORPORATION, and KYUNGTAI KIM, individually and as the *alter ego* of the corporation, jointly and severally, | DATE: OCT 13 2005<br>TIME: 9:00 A.M. |
| Defendants. | |

I, JOE HILL, as Counsel for Plaintiffs in the above entitled matter do hereby affirm and certify as follows:

1. That all matters of facts stated herein are based on my personal knowledge and belief that the fact or matter as stated herein is true and I am competent to testify to the same, and if called to testify my testimony would be as stated herein.

2. That I am the attorney for the Plaintiffs in

ORIGINAL

the above-entitled case;

3. That plaintiffs and defendants entered into a Settlement Agreement on March 30, 2005 wherein Defendants agreed to pay Plaintiffs the sum of $14,500.00, attached as Exhibit "1" hereto.

4. Defendants failed to make the monthly $1,000.00 payments due for July and August 2005 and are in default under the Settlement Agreement.

5. Defendants have an unpaid balance of $8,812.28 as of September 12, 2005 plus interest.

6. That this is the first Order in Aid of Judgment requested by Plaintiff in this matter.

Further the affiant sayeth not.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed this 13 day of September, 2005 at Saipan, CNMI.

_____
JOE HILL, Affiant

```
DEPARTMENT OF LABOR
Div. of Administrative Hearings
RECEIVED
By: _____
Date: 06 APR 2005  Time: 11:00 A.M.
```

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into by and between **KRISSANA SANUSAT, SUMANG SETSUWAN, VACHINAPORN NGAMWONG, and RATREE DITWISET** (hereinafter collectively referred to as "Plaintiffs"), and **JK&S CORPORATION and KYUNGTAI KIM**, (hereinafter referred to as the "Defendants"), concerning a certain dispute made the subject of that certain Complaint filed in the United District Court for the Northern Mariana Islands, in which Plaintiffs sought various claims for relief, including, inter alia, unpaid wages, liquidated damages, attorney's fees and costs under the U.S. Fair Labor Standards Act, the Commonwealth Nonresident Workers Act and the employment contracts entered into thereunder, and the Commonwealth Minimum Wage and Hour Act.

### RECITALS:

A.   **WHEREAS**, the parties desire to settle and resolve their disputes with respect to the matters referred to above, and to release each other from any and all liability connected therewith.  The parties agree that this settlement agreement and any discussion leading up to it shall not be construed as an admission of any liability or fault of any kind, but is solely the compromise of any present and future contested claims for the purpose of avoiding further controversy and litigation; and

B.   **WHEREAS**, the parties enter into this agreement knowingly and freely of their own will and not under any form of duress or compulsion whatsoever, and in doing so do not rely upon any statement or representation or warranty that it is not expressly set forth in this Agreement.

**NOW, THEREFORE,** in consideration of the mutual agreements, the parties hereto do


4/4/05
2:25 pm

- 1 -

EXHIBIT " 1 "

hereby agree as follows:

1. **Terms of Settlement:** In consideration for the dismissal of the complaint with the U.S. District Court and the mutual releases between the Plaintiffs and the Defendants, Defendants agree to pay the amount of $14,500.00, inclusive of attorney's fees.

An initial cash payment of $3,000.00 shall be made upon execution of this settlement agreement. Beginning April 30, 2005, payments in the amount of $1,000.00 per month shall be made on the 30th day of each and every month until the amount of $14,500.00, plus accrued interest, is paid in full. All cash payments and checks shall be made in the name and payable to and at the "Joe Hill Law Office (Trust Account)".

Interest shall accrue on the balance owed at rate of seven percent (7%) per annum. Payments will be credited towards accrued interest first before being applied to principal.

Upon payment of the initial $3,000.00 to Plaintiffs from Defendants, Plaintiffs agree to file a motion dismissing Civil Action 05-0002 with the United States District Court, with prejudice. The motion to dismiss and the order of dismissal shall provide that the District Court shall have continuing jurisdiction over this matter only for the purpose of enforcement of the terms of this settlement agreement.

2. **No Opposition to Transfer Relief:** The parties to this settlement understand and agree that the Plaintiffs have a right to seek transfer relief to another employer under the CNMI Nonresident Worker's Act. Defendants shall support and not oppose Plaintiffs' request to transfer to another employer. Plaintiffs agree that they shall request for a hearing for transfer relief with the Hearing Office at the CNMI Department of Labor within 7 calendar days after executing this agreement. In the event that any of the Plaintiffs' are unable to properly

- 3 -

transfer to another employer, Defendants shall have the continuing responsibility to shoulder the cost of repatriation for that certain employee who was unable to transfer.

3. **No Third Party Beneficiaries**: The rights and benefits of this Agreement shall not inure to the benefit of any third party, except that the releases in connection herewith shall inure to the benefit of the parties being released herein.

4. **Mutual Release of Claims**: Upon completion of all acts required under this Agreement, the parties hereto for themselves and their personal representatives, successors and assigns, and in further consideration for the promises herein, do hereby fully release and forever discharge each other, as well as their respective predecessors, successors, heirs, parent and affiliated corporations, and all officers, directors, attorneys, employees and agents from any and all rights and duties, including claims, demands, damages, debts, liabilities, costs, contracts, expenses, accountings, liens, actions, suits, and causes of actions and counterclaims of every kind and nature whatsoever, whether now known or unknown, suspected or unsuspected, which any party hereto and its/his/her legal successors and assigns may now have, own, hold or which at any time thereafter may ever had, owned or held or could, shall may or thereafter have, own or hold against the other, or any of them, arising from the subject lawsuit or the assignment of the aforementioned properties in section 1 of this Agreement.

5. **INTENTIONALLY OMITTED.**

6. **Release of Unknown Claims:** The parties intend, in executing this Agreement and doing the acts called for herein, it shall be effective as a full and final accord and satisfaction settlement of and bar to each and every count or claim hereby released.

7.  **Ownership of Claims:** Each party warrants and represents to the other that it is the sole and lawful owner of all right, title and interest, in and to all of the claims released hereby and each has not voluntarily or involuntarily, by operation of law or otherwise, assigned or transferred or purported to assign or transfer to any person or entity any such claim or any portion hereof.

8.  **Representation and Warranties:** Each of the parties hereto hereby represents and warrants as to themselves only that:

    a.  Such party has duly executed and delivered this Agreement; when executed, the other documents and instruments executed in connection herewith will be duly executed and delivered;

    b.  This Agreement constitutes, and when executed each other document and instrument executed in connection herewith shall constitute, such party's legal, valid and binding obligation enforceable in accordance with its terms, except as the enforceability thereof may be limited by bankruptcy, insolvency or other similar laws affecting the rights of creditors generally or by general principles of equity;

    c.  The making and performance of this Settlement Agreement and the other documents and instruments to be executed in connection herewith by such party will not (i) violate any provision of any law or regulation, federal, state or local, or (ii) result in any breach or violation of, or constitute a default or require the obtaining of any consent under, any agreement or instrument by which such party or such party's property may be bound.

9.  **Entire Agreement:** This agreement constitutes the entire understanding between the parties concerning the subject matter hereof and supersedes and replaces any and all prior negotiations and proposed agreements, written and oral, relating thereto.

10. **Counterparts/Fax Signatures:** This Agreement may be executed in counterparts which, taken together, shall constitute one and the same agreement and shall be effective as set forth. A signature transmitted via facsimile shall be deemed as valid as an original signature.

11. **INTENTIONALLY OMITTED.**

12. **Integration:** This Agreement, together with all agreements, instruments and documents executed pursuant to the Agreement, (i) integrate all the terms and conditions mentioned herein or therein or incidental hereto or thereto, (ii) supersede all oral negotiations and prior writings with respect to the subject matter hereof and thereto, and (iii) are intended by the parties as the final expression of the agreement with respect to the terms and conditions set forth in this Agreement and any such agreement, instrument or document and as the complete and exclusive statement of the terms agreed to by the parties.

13. **Independent Counsel:** Each party hereto acknowledges to the other that it has been represented by independent legal counsel of its own choice throughout all of the negotiations which preceded the execution of this Agreement and that each has executed this Agreement after receiving the advice of such independent legal counsel, and without reliance upon any promise or representation of any person or person acting for or on behalf of the other party, except as expressly set forth in this Agreement. Each party further acknowledges that it and its counsel have had adequate opportunity to make whatever investigation or inquiry that may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution of this Agreement.

14. **Severability:** If any provision of this Agreement is determined by a Court of competent jurisdiction to be illegal or unenforceable, said provision shall be deemed to be severed, deleted and neither such provision, severance nor deletion shall affect validity of the

remaining provision of this Agreement.

15. **Order of Paragraphs:** The order in which the paragraphs appear in this Agreement has no significance whatsoever.

16. **Language:** All words used in this Agreement shall be construed to include the plural as well as the singular number and vice versa. Words used in this Agreement in the present tense shall include the future as well as the present, and words used in this Agreement in the masculine gender shall include the feminine and neuter genders, whenever the context so requires.

17. **Headings:** The headings appearing in this Agreement have been inserted for convenience of reference only, and in no way define, limit or enlarge the scope of meaning of the provisions of this Agreement.

18. **Attorneys' Fees and Costs:** Each of the parties hereto shall bear his, her and/or its own costs and attorneys' fees to date. In the event that either party shall find it necessary to file any pleadings or motions to enforce the terms of this settlement agreement, the prevailing party shall be entitled to recover attorney's fees and costs from the other party.

19. **Construction of Agreement:** The parties agree that this Agreement was jointly drafted by their respective counsel, and that any uncertainty or ambiguity in this Agreement shall not be interpreted more strongly against either of them.

20. **Jurisdiction:** This Agreement shall be deemed to have been entered into in the Commonwealth of the Northern Mariana Islands and shall be governed by and construed under such laws, to whose jurisdiction the parties do hereby submit. The United States District Court for the Northern Mariana Islands retains jurisdiction over this matter for enforcement of the settlement terms.

21. **Notices:** Any notice required to be given under this Agreement may be given by personal delivery in writing or by registered or certified United States mail, postage prepaid, return receipt requested or by reputable overnight courier, postage prepaid. Notice shall be deemed communicated as of five (5) days after the date of mailing. Mailed notices shall be addressed as set forth below, but each party may change his address by written notice in accordance with this paragraph.

> To Plaintiffs:  Joe Hill, Esq.
> P.O. Box 500917
> Saipan, M.P. 96950
>
> To Defendant:  Danilo T. Aguilar
> P.O. Box 505301
> Saipan, M.P. 96950

22. **Successors and Assigns:** This Agreement shall inure to the benefit of each party's successors and assigns.

**The parties to this agreement hereby certify that they have read all of this agreement and fully understand all of the same.**

Executed on this 30 day of March, 2005

| PLAINTIFFS: | DEFENDANTS: |
|---|---|
| | JK&S CORPORATION |
| *Krissana Sanusat* (signature) | By: (signature) |
| **KRISSANA SANUSAT** | **KYUNGTAI KIM,** **Hereunto duly authorized** |

_Sumang Setsuwan_
**SUMANG SETSUWAN**

_[signature]_
**KYUNGTAI KIM,**
**In His Individual Capacity**

_VACHINAPORN NGAMWONG_
**VACHINAPORN NGAMWONG**

_Ratree Ditwiset_
**RATREE DITWISET**

APPROVED AS TO FORM
AND CONTENT:

_[signature]_
**JOE HILL, ESQ.**
*Attorney for Plaintiffs*

APPROVED AS TO FORM
AND CONTENT:

_[signature]_
**DANILO T. AGUILAR, ESQ.**
*Attorney for Defendants*

- 8 -